# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA PENA, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-00576 |
| | ) | |
| v. | ) | |
| | ) | |
| SERVICE EMPLOYEES | ) | |
| INTERNATIONAL UNION D/B/A SEIU | ) | Jury Trial Demanded |
| LOCAL 1 | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT FOR RELIEF

**NOW COMES** Plaintiff, Angela Pena ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against SERVICE EMPLOYEES INTERNATIONAL UNION d/b/a SEIU Local 1 ("Defendant"), and in support states as follows:

### NATURE OF ACTION

1. This action under the Americans with Disabilities Act of 1990, as amended, ("ADA"), as well as the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

### PARTIES

2. At all times material, Plaintiff was a resident of Will County, Illinois.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

1

5. At all times material, Defendant was located at 111 E Wacker Dr. #1700, Chicago, IL 60601, in Cook County, Illinois.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq* and as well as the Americans with Disabilities Act of 1990.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4).

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant's has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Cook County.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

10. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

11. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

**BACKGROUND FACTS**

12. Between July 12, 2021 and April 3, 2022, Plaintiff was employed by the Defendant as a communications director.

13. Plaintiff was qualified for her job and was known to meet and exceed performance standards for her department and job title.

14. From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendants about his work performance.

15. Prior to December 30, 2021, Plaintiff suffered a severe injury that required surgery.

16. Before her surgery, Plaintiff advised Defendant of her condition and provided all necessary FMLA documents. Defendant did not object, and everything was approved before Plaintiff's surgery.

17. On or around December 30, 2021, Plaintiff underwent her surgery on her back.

18. Plaintiff is a "qualified individual" under the ADA.

19. Plaintiff suffered from a physical impairment that substantially limits major life activities and required the use of intermittent FMLA leave due to her back surgery.

20. On February 22, 2022, Plaintiff returned to work with restrictions, including but not limited to: excessive walking, lifting heavy objects, and excessive standing. At this time, Defendant did not object to the proposed accommodations, however, Plaintiff began to be treated poorly by management and other staff.

21. On March 4, 2022, Defendant instructed its employees to attend a march. Due to Plaintiff's disability, she was unable to attend.

22. Subsequently, Defendant began bypassing Plaintiff and reaching out to her staff for decisions and assistance. Defendant also began reprimanding Plaintiff for mistakes her staff made while she was out on FMLA leave.

23. On or around March 18, 2022, Plaintiff woke up to excruciating pain in her back and legs. She promptly called her doctor and scheduled an appointment.

24. On March 23, 2022, Plaintiff's doctor informed her she had restarted work to early, and informed her she needed to take an additional 4 weeks of FMLA leave.

25. Consequently, Plaintiff submitted all the necessary paperwork regarding her upcoming FMLA leave to HR.

26. On April 3, 2022, Defendant terminated Plaintiff's employment.

27. Plaintiff has reasonable belief that Plaintiff was terminated on the basis of her disability and use of FMLA leave.

28. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

29. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
## FMLA Interference

30. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31. On March 23, 2022, Plaintiff was eligible for FMLA leave.

32. At all times material, Plaintiff gave proper notice to her employer by informing them of her serious medical condition.

33. Defendant controlled Plaintiff's work schedule and conditions of employment.

34. Plaintiff provided enough information for her employer to know that her potential leave may be covered by the FMLA.

35. Despite their knowledge of Plaintiff's medical condition and situation, her employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

36. When Plaintiff's employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

37. Defendant subsequently terminated Plaintiff.

38. As a result, Plaintiff has been damaged.

39. The Plaintiff demands that the count be tried by a jury.

## COUNT II
### Violations of the FMLA-Retaliation

40. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

41. Defendant terminated Plaintiff following his notification about her request for medical leave, which constitutes a request for taking FMLA leave.

42. Defendant terminated Plaintiff because she took, then further requested FMLA leave as described above. Specifically, Plaintiff requested FMLA leave when she experienced complications as a result of her surgery.

43. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

44. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

45. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged.

46. The Plaintiff demands that the count be tried by a jury.

## COUNT III
### Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. Disability-Based Harassment

47. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

49. Defendant knew or should have known of the harassment.

50. The disability harassment was severe or pervasive.

51. The disability harassment was offensive subjectively and objectively.

52. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to her disability.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

54. The Plaintiff demands that the count be tried by a jury.

## COUNT IV
### Violations of the Americans with Disabilities Act ("ADA") Disability Discrimination

55. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

57. Defendant terminated Plaintiff's employment on the basis of her disability.

58. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

59. Plaintiff is a member of a protected class under the ADA, due to her disability.

60. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

61. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Enter judgment in Plaintiff's favor and against Defendant for FMLA retaliation;

c. Enter judgment in Plaintiff's favor and against Defendant for disability discrimination under the ADA;

d. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

e. Award Plaintiff liquidated damages;

f. Award Plaintiff prejudgment interest on his damages award;

g. Award Plaintiff reasonable costs and attorney's fees;

h. Award Plaintiff any further relief pursuant to the FMLA; and

i. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated January 31, 2023

Respectfully submitted,

*s/Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com